UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In re: **MAURICE E. RUGRODEN**     Case No. **07-52565**

Chapter 13 Plan

Debtor(s).

FILED SEP 7 2007
United States Clerk
San Jose Bankruptcy Court
California

1. The future earnings of the debtor(s) are submitted to the supervision and control of the trustee, and the debtor(s) will pay to the Trustee the sum of $ **55.00** each month _____ Debtor(s) elect a voluntary wage order.

2. From the payments received, the Trustee will make disbursements in accordance with the Distribution Guidelines as follows:
   (a) On allowed claims for expenses of administration required by 11 USC §507 (a)(1) in deferred payments.
   (b) On allowed secured claims, which shall be treated and valued as follows:

| Name | Value of Collateral | Estimated Mortgage/Lease Arrears | Minimum Monthly Payments (If specified) | Interest Rate (If Specified) |
|---|---|---|---|---|
| TRUSTEE | | | $5.00 | |
| STATE BANK OF PARK RAPIDS | | | $50.00 | |

[The valuations shown above will be binding unless a timely objection to confirmation is filed. Secured claims will be allowed for the value of the collateral or the amount of the claim, whichever is less, and will be paid the monthly installments and the interest rates shown above. If the monthly payment is not specified, secured creditors will share pro rata. If an interest rate is not specified, 5/6% per month (10% per annum) will be paid. Secured creditors will retain their liens until their allowed secured claims have been paid. The remainder of the amount owing, if any, will be allowed as a general unsecured claim paid under the provisions of paragraph 2(d).]

   (c) On allowed priority unsecured claims in the order prescribed by 11 USC § 507.
   (d) On allowed general unsecured claims as follows:
   _0_ at a rate of _0_ cents on the dollar. The estimated term of the plan is **60** months. (Percentage Plan)
   _0_ the sum of _0_ payable over _0_ months, distributed pro rata, in amounts determined after allowed administrative, secured and priority unsecured claims are paid. The plan payments will continue at the highest monthly payment provided in ¶ 1 as necessary to pay all allowed administrative, secured and priority unsecured claims within sixty months of confirmation. (Pot Plan)

3. The following executory contracts are rejected. The debtor(s) waive the protections of the automatic stay provided in 11 U.S.C. § 362 to enable the affected creditor to obtain possession and dispose of its collateral without further order of the court. Any allowed unsecured claim for damages resulting from rejection will be paid under paragraph 2(d).
   **NONE**

4. The debtor(s) will pay directly the following fully secured creditors and lessors:

| Name | Monthly Payment | Name | Monthly Payment |
|---|---|---|---|
| GMAC | $550.12 | | |

5. The date this case was filed will be the effective date of the plan as well as the date when interest ceases accruing on unsecured claims against the estate.

6. The debtor(s) elect to have property of the estate:
   _____ revest in the debtor(s) at such time as a discharge is granted or the case is dismissed.
   **X** revest in the debtor(s) upon plan confirmation. Once property revests, the debtor(s) may sell or refinance real or personal property without further order of the court, upon approval of the Chapter 13 Trustee.

The debtor(s) further propose pursuant to 11 USC § 1322(b): **REQUEST TIME TO REVISIT STATE BANK JUDGEMENT(S)**

Dated: **7 SEP 07**     _____Maurice E. Rug_____
(Debtor)                                      (Debtor)

N.D. Cal. Model Chapter 13 Plan
(October 2000)